

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

BOBBY LEWIS WINN                §
   Petitioner,                       §
                                  §
                                  §
V                                §   CIVIL ACTION NO: 6:21 CV 460
                                  §       JDK-JDL
BOBBY LUMPKIN, TDCJ-CID DIRECTOR  §
   Respondent.                       §

## PETITION FOR FEDERAL WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241(a)

TO THE HONORABLE (ARTICLE III) JUDGE OF SAID COURT:

COMES NOW BOBBY LEWIS WINN, proceeding pro se, herein style Petitioner in the above caption, and foregoing instrument and moves this Court to issue federal habeas corpus pursuant to 28 U.S.C. § 2241(a), thereby providing Petitioner a platform for both, redress of grievances protected by the First Amendment and for vindication of rights secured under the United States Constitution and federal laws.

In support of his application for federal relief, Petitioner will show clear and convincing evidence that (1) Respondent does not have lawful custody of Petitioner, (2) that his custody violates both, the Sixth and Fourteenth Amendment of the United States Constitution and its federal laws; and (3) that Petitioner will continue to be irreparably injured without immediate relief from this Court, to wit:

### PRELIMINARY STATEMENTS

This petition conforms to Fed. Crim. Code and Rule 2(a)(C) petitions. Federal habeas corpus, pursuant to 28 U.S.C. § 2241(a), provide this Court, and individual district court judges with exclusive power to issue the writ of habeaa corpus. In re McDonald, (1861 E.D. Mo) 16 F.Cas. 17, No. 8751; In re Fitton, (1891 C.C.D.Vt) 45 F. 471; Also,

1

§ 2241(c)(1) invest federal courts with [a]uthority, -- though writ of habeas corpus, to inquire into legality of detention/incarceration of [a]ny persons(s). See In re Greathouse, (1864, C.C.N.D. Cal) 2 Abb. 382; 4 Sawy 487; 10 F.Cas. 1057, No. 5741; In re Martin (1866, C.C.S. D. N.Y.) 5 Blatehf 303; 16 F.Cas. 875, No. 9151; See also, United State ex rel. Standing Bear v. Crook, (1879C.C.D. Neb.) 5 Dill 453; 25 F.Cas. 695, No. 14891.

And finally Petitioners [m]ay test the execution of a sentence, via § 2241. See Rogers v. U.S., 180 F.3d 349, 357 (1st Cir 1999); Garcia v. U.S., 270 F.Supp.2d 353 (S.D. N.Y. 2003); Witham v. U.S., 355 F.3d 510, 505 (6th Cir. 2004); Tillman v. Bigelow, 2012 U.S. App. Lexis 17216; Matheny v. Morrison, 307 F.3d 709, 711-12 (8th Cir. 2002); Mainero v. Gregg, 164 F.3d 1199, 1201-02 (th Cir. 1999).

REQUEST FOR (ARTICLE III JUDGE) PRELIMINARY REVIEW

Petitioner requests plenary consideration and review of his federal habeas petition (style § 2241(a), raising consttutional violation un-der both the Sixth and Fourteenth Amendment of the United States Con-stitution.) by the Article III Judge; see (Thomas v. Arn, 474 U.S. at 153; 106 S.Ct. at 474; Peretz v. U.S., 501 U.S. at 949; see also Schor, 478 U.S. at 848; 106 S.Ct. 3245 (citing Ruddatz, 447 U.S. 667; 100 S.Ct. 2406 (and) Gomez, 490 U.S. 864, 872; 109 S.Ct. 2237) and to de-cide the constitutional merits of the habeas petition as law and just-ice requires 28 U.S.C. § 2243.

STATEMENT OF EXHAUSTING STATE ARTICLE 11.07, TEX. CODE CRIM. PROC.

Petitioner submit that a claim of insufficient evidence (under the Fourteenth Amendment of the UNited States Constitution) does not state

2

a ground for relief that would ever be considered on a state habeas corpus, Art. 11.07. See Ex parte Grigsby, 137 S.W.3d 673 (Tex. Crim. App. 2004) thereby rendering it ineffective to safeguard Petitioner's federal constitutional rights. See § 2254(b)(1), (B)(ii).

## STATEMENT OF SECTION 2254 INADEQUACY

Moreover, the district court, sua sponte re-characterizing Petitioner's petition as a § 2254 motion would be [i]mproper, where Petitioner insufficient evidence claim have not been adjudicated on the [merits] by the state highest court, 28 U.S.C. § 2254(b)(1), (A). The deference, pursuant to § 2254(d)(1), is operational [o]nly when a state court has adjudicated the constitutional claim on their merits. See Neal v. Puckett, 239 F.3d 683, 686 (5th Cir. 2001); Valdez v. Cockrell, 274 F.3d 991, 952 (5th Cir. 2001); see also Eze v. Senkowski, 321 F.3d 110, 121 (2nd Cir. 2003); Bell v. Jarvis, 236 F.3d 149, 159, (4th Cir. 2000) (citing Lambert, 393 F.3d at 968, thereby rendering § 2254 inadequate as a remedy in safeguarding Petitioner's federal constitutional rights.

## JURISDICTION

Jurisdiction is provided pursuant to 28 U.S.C. § 2241(b), whereas ("a § 2241 petition may be filed [o]nly in the district of the Petitioner's incarceration.) See Reyes-Requena v. U.S., 243 F.3d at 906 (5th Cir.). Petitioner is incarcerated within this Court jurisdiction of Anderson County, Texas.

## AUTHORITY

The Court authority to issue federal writ of habeas corpus, is expressly confirmed in the "ALL WRIT ACT" pursuant to 28 U.S.C. §§ 1651 and 2254(a).

## ISSUES FOR REVIEW

Petitioner raise the following claims to be considered by this Honorable Court for review:

1. Rule 11 Governing Guilty Pleas;

2. Ineffective Assistance of Trial Counsel;

3. Insufficient Evidence

4. Insufficient Factual Basis For Guilty Plea;

5. Actual Innocence;

6. Report Failure to Record Proceedings; and,

7. State Breach Contract Agreement.

## CASE SUMMARY

The Grand Jury charged Petitioner with three indictments for the alleged offense of sexual assault of a child, § 22.011; a second degree felony alleged to have occurred on or about the dates of February 19, 2008. See (Exhibit A); June 15, 2009, see (Exhibit B), August 25, 2009, see (Exhibit C), and March 21, 2010, see (Exhibit D). Petitioner, upon advise of counsel, entered a gulity plea, and was sentence to a mandatory life sentence based upon prior sexual assault of a child. See (Exhibit D). This petition for federal habeas corpus, pursuant to 28 U.S.C. § 2241(a), provide Article III Judge [a]uthority to entertain this petition for federal habeas relief, for one who allege that he is "in custody" in violation of the United States Constitution and federal laws. 28 U.S.C. § 2241((c)(3).

PETITIONER CONSTITUTIONAL CONTENTION(S) THAT VIOLATE
CIVIL AND FEDERAL LAW PURSUANT TO 28 U.S.C.A. § 2241

Heflin v. U.S., 358 U.S.415 (1959); Riddle v. Dyche, 262 U.S. 333 (1923)

ISSUE NO. 1
RULE 11 GOVERNING GUILTY PLEAS

(a) Petitioner first contention is that the trial court failed to [a]dequately appraise him of the true [n]ature (elements) and the relevant law of the charge to which he plead gulity to. See (Exhibit A, Admonishments; (1))

(b) Petitioner also contends that his guilty plea was not knowingly and voluntarily made because he did not have a complete  understanding of the consequences of pleading guilty. See (Exhibit A. statements and waivers of defendant. (4) and (5)).

(c) Petitioner contends that he was [n]ot [properly] advised by the trial counsel of the mandatory minimum, or, maximum sentence the offense plead to carried. See (Exhibit A, Admonishments).

(d) Petitioner contends further that the trial court failed to determine, prior to accepting his plea, whether the plea was voluntary and did not result from force or threats. See (Exhibit A, Admonishment).

(e) Petitioner contends next that the trial court failed to properly inform him that, if the Court [a]ccept his plea, he would be precluded from appealing his conviction. See (Exhibit A, Admonishments).

ISSUE NO. 2
INSUFFICIENT FACTUAL BASIS FOR PLEA

Petitioner next contention is that the trial court [a]ccepted his guilty plea, without assuring that there was basis for the plea, because Petitioner did not admit in open Court, to committing said offense in cause #10-11422-012-05, nor did the trial court read the records, the indictment, detailing the offense elements. See (Exhibit A).

5

## ISSUE NO. 3
### INSUFFICIENT EVIDENCE/PROOF ISSUES/REASONABLE DOUBT

Morevoer, Petitioner contends that he was prejudice because the evidence relied upon by the State was insufficient, and failed to prove beyond a reasonable doubt that in cause(s) 10-11420-012-04, that Petitioner, "without consent" sexually assaulted the alleged victims. See (Exhibits (B) and (C) Stipualtion of Evidence).

## ISSUE NO. 4
### INEFFECTIVE ASSISTANCE OF COUNSEL

Likewise, Petitioner contends that his plea was not knowingly and voluntarily entered, because counsel erroneous advice led him to enter an open plea, without an agreement, to second degree sexual assault and receiving a life sentence when he could have gone too trial and possibly forced reversible errors / a reduced charged. See (Exhibits (A), (B), and (C)).

## ISSUE NO. 5
### COURT REPORTER FAILURE TO MAKE A VERBATIM
### RECORD OF THE PLEA PROCEEDINGS

Notwithstanding Petitioner ineffective assistance counsel claim, Petitioner also contends that the Court Reporter failed to record -- verbatim the plea proceedings, including the Court's advice to him, the voluntariness inquiry, the factual basis inquiry, and the details of the plea agreement. see (Exhibit (A),(B), and (C)).

## ISSUE NO. 6
### ACTUAL INNOCENCE

Petitioner next constitutional contention is that he is actual innocence of the charge offense(s). because he was not properly appraised of the nature and elements of the charge by the trial court as required under Rule 11 proceedings. See (Exhibit (A),(B), and (C)).

6

ISSUE NO. 7
## STATE BREACHED CONTRACT REQUIREMENTS

Petitioner filed contention is that the sentencing court failure to abide by the requirements of Rule 11, violated his right to due process, and the contract principles, thereby mandating setting aside Petitionr's plea.

### ARGUMENTS AND AUTHORITIES

· 1. Rule 11 Governing Guilty Pleas.

Several federal constitutional rights are waived where a guilty plea [i]s entered. See U.S. v. Suarez, 155 F.3d at 524. Thus, it [m]ust be done intelligently and voluntarily. see U.S. Padilla, 23 F.3d at 1221; U.S. v. Gigot, 147 at 1197; U.S. v. Fernandez, 205 F.3d at 1024; see also Wilkins v. Bowersox, 145 F.3d at 1015. Fed. R. Crim.Proc. 11 provides that [b]efore [a]ccepting a plea of guilty the [C]ourt [must] address the defendant 'personally' in open court. Wilkins, 145 F.3d at 1015, U.S. v. Padilla, 23 F.3d at 1221; U.S. v. Gigot, 147 F.3d at 1197, and inform the defendant of, and determine that he [u]nderstands: (1) the [n]ature of the charge to which the plea is offered; (2) the mandatory minimum penalty provided by law; and, (3) the mandatory maximum possible penalty provided by law -- including the [e]ffect of any 'special parole or supervised release term', and applicable sentencing guidelines and that the court may also order the defendant to make restitution to any victim of the offense. Fed. R. crim. Proc. 11 (c)(1), Id. The reviewing court ahould find that Petitioner is entitled to a de novo review holding the the Court failed to [a]deqautely appraise Petitioner of the [n]ature (elements) of the charge to which he pleaded guilty to. See (Exhibit (a), (B), and (C))); see also U.S.

v. Cruz-Rivera, 357 F.3d 10, 13 (1st Cir. 2004); Fredrick v. Warden Lewisburg Corr. Facility, 308 F.3d 192, 197 (2nd Cir. 2002) (accord). Fed. R. Crim. Proc. 11(b)(1)(G); any mandatory minimum penalty, Fed. R. Crim. Proc. 11(b)(1)(I). See U.S. v. Dejesus- Abad, 263 F.3d 5, 8 (2nd Cir. 2001); U.S. v. Tyndale, 209 F.3d 1292, 1295 and that Petitioner [l]ack of understanding of the law renders his plea void and it violates due process. McCarthy, 394 U.S. 454 (1969) (accord) U.S. (11th Cir. 2002) -- any maximum possible penalty. Fed, R. Crim. Proc. 11(c)(1)(H). see U.S. v. Alber, 56 F.3d 1106, 1129-10 (9th Cir). Moreover, the Court should find that the sentencing Court failure to disclose the agreement. see (Exhibit (A), (B), and (C)) is violative of Rule 11(e)(2) which mandates that, "the Judge [s]hall require the disclosure of [a]ny plea agreement [i]n open court. See People v. West, 3 Cal.3d 595, 91 Cal. Rptr. 385, 447 P.2d 409 (1970); when the plea is offered, [i]rrespective of fear; Walters v. Harris, 460 F.2d 988, 993 (4th Cir. 1972), or dissatifaction. see e.g. U.S. v. Hernandez, 74 F.3d 1193, 1195 (D.C. Cir. 1996).

Ultimately, the reviewing Court must find in the light of all the evidence that Petitioner [did not] have an understanding of the nature and law in relation to the facts of the offense. McCarthy, 394 U.S. at 466. Had the trial judge properly reformed Petitioner [a]ccording to Rule 11(c)(1), Fed. R. Crim. Proc., colloquy that knowledge, coupled with Petitioner comprehension of the [f]ull and correct information, Petitioner would not have pleaded guilty. See U.S. v. Johnson, 1 F.3d at 302.

In conclusion, the Court must enter alia, find that the guilty plea

8

was not [k]nowingly, intelligent, and voluntary choice among the alter-
native courses of action open to him. see North Carolina v. Alfred,
400 U.S. 25, 31, 91 S.Ct. 160 (1970).,and that Petitioner [l]ack of
understanding of the law renders his plea void and violates due process.
McCarthy, 394 U.S. 459 (1969)(accord) U.S. v. Ranch, 709 F.3d 889, 894
(5th Cir.) n.7. Trial court failure to appraise Petitioner of waiver
right to pleading guilty.

Notwithstanding, the trial court failure to appraise Petitioner of
the nature of the offense. Fed. R. Crim. Proc. 11(b)(1)(F), (N), re-
quires the Court to specify each and every constitutional right a
defendant waives by pleading guilty -- specifically, the right to an
appeal. See U.S. v. Blackwell, 199 F.3d 623, 626 (2nd Cir. 1999) (per
curiam). (defendant's guilty plea not knowing, intelligent, and volun-
tary because court did not tell defendant (in open court) of provisions
waiving right to appeal conviction, and sentence, [n]or discuss ele-
ments of crime charged). U.S. v. Arellano-Gallegos, 351 F.3d 966. 967
(9th Cir. 2033); U.S. v. Chavez-Salais, 337 F.3d 1170, 1174 (10th Cir.
2003) (accord). It was plain error when trial court failed to advise
Petitioner of rights, instead of relying on Petitioner criminal hist-
ory as proof of awareness and understanding. U.S. v. Hernandez-Fraire,
208 F.3d 945,951 (11th Cir. 2000); see also e.g. U.S. v. LittleJohn,
224 F.3d 960, 969 (9th Cir. 2000) (defendant's permanent indigibility
for federal benefits is a direct consequence  of guilty plea and must
discloed by the court).

Furthermore, the Constitution requires that a defendant plea be
made knowingly, intelligently and voluntarily. See Fed. R. Crim. Proc.
11(b)(2). Had the trial court complied with the requirements of Rule
11(b)(2), it would have revealed that Petitoner guilty plea was induced

by the State prosecutor with threats to indict and charge his wife
with said offense. In <u>Brady v. U.S.</u> the United States Supreme Court
held that "State may not induce guilty plea by threatening a defendant
with physical harm or by mental coerion, overbearing hiw will." 397
U.S. 742, 750 (1970). Upon review, the Court should find that the plea
was/is in valid where the state failed to bring the agreement to the
attention of the sentencing court. see CF. e.g. <u>U.S. v. Abbott</u>, 241
F.3d 29, 34-35 (1st Cir. 2001).

· 2. Insufficient factual Basis for Plea.

Before [a]ccepting a defendant guilty plea, the [c]ourt 'must' de-
termine that there [i]s a "factual" basis for the plea. Fed. R. Crim.
Proc. 11(b)(3). The factual basis [r]equirement protect(s) a defend-
ant from pleading voluntarily guilty without realizing that his con-
duct [i]s not [a]ctuall[y] within the charge. See e.g. <u>U.S. v. Ven-</u>
<u>tura-Cruel</u>, 356 F.3d 55, 61 (1st Cir. 2003); <u>U.S. v. Thomas</u>, 367 F.3d
194, 199 (4th Cir. 2004); <u>U.S. v. Johnson</u>, 246 F.3d 749, 752 (5th Cir.
2001). Moreover, the factual basis must be evidence in the "record",
and must be [s]ufficient[ly] specific to allow the court to determine
whether the Petitioner conduct was within the [a]mbit of the statutes
prohibition. see <u>Carter</u>, 117 F.3d 262, 264 (5th Cir. 1997).

The reviewing court should conclude, [a]fter making a proper assess-
ment of Petitioner's claim that the factual basis for his guilty plea
consist of nothing more than written admonishments, and, an [a]llegely
judicial confession to an offense that the Court failed to explain on
the record. See (Exhibit (A),(B), and (C)). The Court should also de-
termine, that Petitioner was prejudice where, there was [n]o factual

basis for his guilty plea other than "written stipualtions" that was not (de facto) guilty plea. See Adams v. Peterson, 968 F.2d 835, 843 (9th Cir. 1992) (accord); U.S. v. Lawson, 682 F.2d 1012, 1015 (D.C. Cir. 1982). (stipulation not [e]quivalent to guilty plea because defendant stipulated [o]nly to what witnesses/victims would have said, not to the veracity of their testimony). That, it was [o]nly through the reading of the detailed charge and Petitioner knowing and voluntary admission on the record that would have serve as a factual basis. See U.S. v, Andrades, 169 F.3d 131, 136 (2nd Cir 1999); U.S. v. Keiswetter, 860 F.2d 992, 998 (10th Cir. 1998)(en banc) accord;. see also Gobert, 139 F.3d at 439; Carter, 117 F.3d 252, 264.

· 3. Insufficient Evidence/Proof Issues/Reasonable Doubt.

Under the Due-Process Clause of the Fifth Amendment, the prosecutor [i]s required to "prove" beyond a reasonable doubt, [e]very [element] of the crime with which a defendant is charged. See In re Winship, 397 U.S. 358, 364 (1970). See Also Fiore v. White, 531 U.S. 225, 279 (2001).

The reasonable doubt standard [a]pplies in both, state and federal proceedings. See Sullivan v. Louisiana, 508 U.S. 275, 278 (193). First, it protects a defendant liberty interest; 397 U.S. at 363. Second, it a defendant from the 'stigma' of conviction. ID. And, third, it serves to engender community confidence in the criminal law by giving "concrete substance" to the presumption of [i]nnocence. ID. at 363-64. The Court should find that the [e]vidence relied upon by the state was insufficient, and that the prosecutor failed to 'prove' beyond a reasonable doubt, that Petitioner, "without the consent" (of said victim) committed sexual assault to alleged victims in Cause(s) 10-11418-012-04 and 10-11420-012-04. (Exhibits (A) and (B)) See also (Vernon's) Tex. Code Ann. Penal Code § 22.011.

Nontheless, the Fifth Circuit standard of review for an insufficient evidence claim is, whether, [a]fter reviewing the evidence in the light most favorable to the prosecution, [a]ny rational trier of fact could have found the [e]ssential [e]lements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. at 319, 99 S.Ct. at 2781. In applying this standard, a federal habeas court refers to the "state's criminal law" for the substantial elements of the offense. See Hughes v. Johnson, 191 F.3d at 619; see also (Vernon's) Tex. Code Ann Penal Code § 22.011. Alternatively, the Winship requirement (alter idem) applie(s) to elements that distinguish a more serious crime from a less serious one, as well as to those elements, that distinguish criminal from non-criminal conduct. ID,. at 319. Thus, it [i]s axiomatic that a conviction upon a charge not made, See (Exhibit (A), and (B)) or upon a charge not tried, constitutes a denial of due process. See Cole v. Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514; Presnell v. Georgia, 434 U.S. 14, 99 S.Ct. 235.

In conclusion, the State failure to prove beyond a reasonable doubt, the Petitioner (with "consent") committed sexual assault is insufficient evidence. See Smalis, 476 U.S. at 144; U.S. v. Syme, 276 F.3d 131, 136 (3rd Cir, 2002); Donahue v. cain, 231 F.3d 1000, 1005 (5th Cir 2000); Gall v. Parker, 231 F.3d 265, 335 (6th Cir. 2000) (accord); U.S. v, Coleman, 208 F.3d 786, 794 (4th Cir. 2000); requiring reversal of his conviction. See Bronston v. U.S., 409 U.S. 352, 93 S.Ct. 595; see also Curley v. U.S., 81 U.S. App. D.C. 389, 392-93, 160 F.2d 229, 233.

4. Ineffective Assistance of Counsel.

A defendant has a Sixth Amendment right to the effective assistance of counsel in guilty plea proceedings. Ex parte Reedy, 282 S.W.3d 492, 500-01 (Tex. Crim. App. 2009). To Obtain habeas corpus relief for ineffective assistance of counsel under Strickland v. Washington, a petitioner must show that his counsel's performance was unconstitutionally deficient and "there is a 'reasonable probility' - one sufficient to undermine confidence in the result - that the outcome would have been different but for counsel's defecient performance." Ex parte Chandler, 182 S.W.3d 350, 353 (Tex. Crim. App. 2005); (citing Strickland v. Washinton, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984)). Specifically, when a person "challenges the validity of a plea enter upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal case and if not, (2) whether there is a reasonbale probability that, but for counsel's errors, he would not have pleaded guilty" to the charge offense and would have insisted on going to trial. Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999) (Quoting Ex parte Morrow, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); Reedy, 282 S.W.3d at 500.

In this case, not only did Petitioner's trial counsel fail to inform him of the consequences of pleading guilty nor the dangers of going to trial. Counsel, none the less, advised him to plea guilty by way of a plea agreement from the State to the **maximum punishment and waiving his right to appeal.** Petitioner was afforded no benefit by waiving both his right to a jury trial and appeal to receive a Life

sentence for non-capital offenses. No counsel of professional norm would advise their client to plea to the maximum sentence allowed by law and waive all right to appeal. Thus, removing every right that encompasses the United States and Texas Constitution. At minimum, trial counsel should have advised Petitioner to opt for jury trial. In doing so, counsel could have forced trial errors for appeal. Because, Petitioner could not have received a greater sentence than he is now serving. Had Petitioner known that he was waiving his right to jury trial to receive the maximum sentence, he would have insisted on going to trial. Hill v. Lockhart, 479 U.S. 52, 58-59, 106 S.Ct. 366 (1985). Furthermore, he would have reserved his right to appeal.

This would have brought about a different outcome of the trial proceedings. Petitioner has met his burden under Strickland.

5. Actual Innocence.

In Sawyer v. Whitley, it was held that to show "actula innocence" one must show by clear and convincing evidence, that, but for a [c]onstitutional error, no reasonable juror would have found the Petitioner/defendant guilty. 505 U.S. 333, 112 S.Ct. 2514. Moreover, and although the Court was dealing with successive, abusive, or defaulted claims, a peitioner would still have the 'merits' of his claims heard if failure to do so would result in a micarriage of justice. See e.g. Kuhlmann v. Wilson, 477 U.S. 436, 106 S.Ct. 2616. The exception [a]pplies where a petitioner is [a]ctually innocence of the crime for which he was convicted. See Murray v. Carrier, [477 U.S. at 496]. Upon review of Petitioner's actual innocence claim, the Court should find that the sentencing Court failure to properly inform Petitioner of the true

14

nature of the charge to which he plead guilty, violated his Sixth
Amendment right to the United States Constitution, to be informed of
the nature of the offense. See U.S. v. Arlen, 947 F.2d 139, 144 (5th
Cir. 1991), cert denied; U.S. 112 S.Ct. 1480 (1992). See also U.S. v.
Chaney, 964 F.2d 437, 446 (5th Cir. 1992) (accord); Williams v. Collins,
802 F.Supp. 1530. Thus, the Sixth Amendment is applicable to the states
with full force under the Due Process Clause fo the Fourteenth Amendment.
See Farcetta v. California, 422 U.S. 808, 818; 95 S.Ct. 2525 (1975).

In conclusion, the Eighth and Fourteenth Amendment to the United
States Constitution [p]rohibit the imprisonment of one who is innocence
of the crime for which he was convicted, (citing Herrera v. Collins,
[506 U.S. at 398], since the Judgement of conviction was entered with-
out due process of law, the Petitioner guilty plea was involuntary,
in that the did not receive adequate notice of the offenses. See Hen-
derson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253 (1976) (accord); McCarthy,
394 U.S. 459, 467 (1969); see also Bousley v. U.S., 118 S.Ct. 1604,
523 U.S. 612 (1998). [A]ny system of criminal justice, [i]s to convict
the guilty and free the innocence. See United States v. Nobles, 422
U.S. 225, 230, 95 S.Ct. 2160 (1975). Petitioner [i]s entitled to make
a showing of actual innocence. Citing Bousley v. U.S., 523 U.S. 612,
118 S.Ct. 1604 (1998).

6. Court Reporter Failure to Record Proceedings.

If there is a plea of guilty, the Court's Reporter [m]ust keep a
[verbatim] 'record' of the plea proceedings, including the [c]ourt's
advice to the defendant, the voluntariness inquiry, the factual basis

15

inquiry, and the details of the plea agreement. See Fed. R. Crim. Proc. 11(g); Boykin v. Ala., 395 U.S. 238, 243 (1969). Because Petitioner was furnish [o]nly with written admonishments, [Exhibit (A), (B), and (C)] was not addressed in open court or inform (on the record) of the true nature of the each charge to which he plead guilty. The Reporter failure to make on-record determination of Petitioner voluntariness constituted reversible error. See U.S. v. Schmalzried, 152 U.S. 354, 357 (1998); See Fed. R. Crim. Proc. 11(g); Boykin v. Ala., 395 U.S. 238, 243 (1969). The verbatim record is [u]sed to assess a plea. See Fed. R. Crim. Proc. 11(g). Advisory Cimmittee's Note (1974 Amendment) (accord) U.S. v. Rossillo, 853 F.2d 1062, 1066-67 (2nd Cir. 1997); U.S v. Marrero-Rivera, 124 F.3d 342, 348 (1st Cir. 1997); Stumf v. Mitchell, 367 F.3d 594, 602 (6th Cir. 2004).

## 7. Breach of Contracts Requirements.

Contract law governe plea agreements, and are generally [a]nalyzed under such. See U.S. v. Schilling, 142 F.3d 388, 394 (7th Cir 1998).

Pursuant to 42 U.S.C. § 1983, it provides (in pertinent part) that "[a]ll person [m]ust have the right to make, and enforce Contracts, and to the [f]ull and equal benefit of [a]ll laws, and proceedings for the security of persons." The term, "make and enforce Contracts" includes the making, performance and termination of Contracts, and, the enjoyment of [a]ll benefits, privileges, terms, and conditions of the contractual relationship. The trial court denied Petitioner the [f]ull and [e]qual benefit of the law and proceedings governing the Contract. The requirement for Contractual Plea Agreement(s), are governed under Rule 11, guilty pleas. See Federal R. Crim. Proc 11.

The condition (requirement) for formulating the Contract (not the

terms that are ultimately reached) are, that the trial court, under
Rule 11(b)(1), [before] accepting a plea of guilty, a judge [m]ust
address the defendant personally in open court to inform him of, and
determine that he [u]nderstands, as provided by Fed.R.Crim.P. **Rule 11:**

1. The right to plead guilty. Rule 11(b)(1)(B);

2. The right to a jury trial. Rule 11(b)(1)(C);

3. The right to be represented by counsel. Rule 11(B)(1)(D);

4. The nature of the charge to which the defendant is pleading.
   Rule 11(b)(1)(G);

5. Any mandatory minimum penalty. Rule 11(b)(1)(I);

6. Any maximum  possible penalty. Rule 11(c)(1)(H);

7. His waiver of certain trial and appeal rights, [i]f the court
   accepts the defendant plea. Rule 11(b)(F), (N);

8. The governments right, in prosecution for perjury, to use against
   a defendant, any statement that he gives under oath. Rule 11(b)
   (1)(A);

9. The court [m]ust advise a defendant of likely consequence of
   pleading guilty. see <u>Gomez-Cuevas,</u> 917 F.2d at 1525 (quoting
   <u>U.S. v. Dayton</u>, 604 F.2d 931, 939 (5th Cir 1979) (en banc).

These nine conditions are essential requirements for formulating a
Contract agreement pursuant to Rule 11, that [a]ny deviation from
these requirement(s) will [n]ullify both, the "Contract" and the
"Terms" ultimately reached. See e.g. <u>U.S. v. Medina-Silverio</u>, 30 F.3d
1, 3-4 (1st Cir 1994) (plea invalid because charges not adequately
explained); <u>U.S. v. Blackwell</u>, 199 F.3d 623, 625 (2nd Cir 1999) (per
curiam) (plea invalid because court failed to adequately determine that
defendant understood nature of charge offense). <u>U.S. v. Suarez</u>, 155
F.3d 5, 8 (2nd Cir 2001) (Per Curiam) (Discussing minimum and maximum
possible penalties.) <u>ID</u>.; <u>U.S. v. Martinez</u>, 277 F.3d 517, 530, (4th Cir.

2002) (Plain error because court misinformed defendant of minimum and maximum penalty);accorded. U.S. v. Fernandez, 205 F,3d 1020, 1028 (7th Cir. 2000); See Fed. R. Crim. Proc. Rule 11(b)(1)(I);and (c)(1)(H). See e.g. Blackwell, 199 F.3d 623, 626 (2nd Cir 1999) (per curiam) (Discussing provision waiving right to appeal. Defendant's guilty plea not knowing, intelligent and voluntary because court did not tell defendant of provision waiving right to appeal conviction and sentence, nor discuss element of crime charged). ID.; U.S. v. Arellano-Gallegos, 351 F.3d 966, 967 (9th Cir. 2003) (Plain error when court failed to refer to waiver of appeal in findings and recommendation upon a plea of guilty, and no mention of appeal was ever made in open court until sentencing)(accord) U.S. v. Chavez-Salais, 337 F.3d 1170, 1174 (10th Cir. 2003); U.S. v. CuevasAndrade, 232 F.3d 440, 445 (5th Cir. 2002) (Discussing statement under oath. Fed. R. Crim. Proc. Rule 11(b)(1)(A) and Fed. R. Evid. Rule 801(d)(2)(A).

A. Prior statement(s) of party not hearsay when used against that party in a proceeding. Violation of Fed. R. Crim. Proc. Rule 11(c)(5), may constitute error if the defendant show resulting prejudice. See U.S. v. Graves, 98 F.3d 258, 259 (7th Cir 1996) (court failure to warn defendant that statement made at plea hearing could be used to later perjury prosecution, was error.); U.S. v. Pinto, 838 F.2d 1566, 1569 (11th Cir 1988). And finally, the court [m]ust advise a defendant of consequences of a guilty plea. See e.g., U.S. v. Little John, 224 F.3d 960, 969 (th Cir. 2000). (Defendant's permanent inegibility for federal benefits [i]s direct consequence of a guilty plea, and [m]ust be discloed by the [C]ourt).

EVIDENTIARY HEARING

Petitioner's allegation that the Contract was breached, entitled him to an evidentiary hearing, [a]bsent that, the allegation(s) are "palpably incredible," or "patently frivolous or false"). See Blackledge v. Allison, 431 U.S. 63, 76, 80-82 (1977). Petitioner [i]s entitled to an evidentiary hearing, if the court find that Rule 11 colloquy fails to ensure the [v]oluntariness of his plea. See e.g. U.S. v. White, 366 F.3d 291, 298 (4th Cir 2004). The Court's failure to properly advise, and appraise Petitioner of the true nature of the charge, See (Exhibit A), renders his plea involuntary. See U.S. v. Punch, 709 F.2d 889, 894 (5th Cir. 1983) (Holding that guilty plea is [n]ot obtained voluntarily if the defendant lacks understanding of the law, thereby, making the plea void as a violation of due process) (accorded); De-Donne, 21 F.3d at 1423 (Citing Musa, 946 F.2d at 1303); see also U.S. v. Medina-Silverio, 30 F.3d 1, 3-4 (1st Cir.1994); U.S. v. Blackwell. 199 F.3d 623, 625 (2nd Cir. 1999); U.S. v. Suarez, 155 F.3d 521, 525 (5th Cir. 1998); Nevarez-Diaz v. U.S., 870 F.2d 417, 421 (7th Cir 1989); U.S. v. Gigot, 147 F.3d 1193, 1198 (10th Cir. 1998); and U.S. DeWalt, 92 F.3d 1209, 1212 (D.C. Cir. 1996).

Thus, as shown in previous holdings of the United States Supreme Court, Rule 11 requires a plea to be [v]oluntary. See Baykin v. Ala., 395 U.S. 238, 243 (1969); Brady v. U.S., 397 U.S. 742, 750 (1970); Tollett v. Henderson, 411 U.S. 258, 267 (1973) (citing McMann v. Rich-ardson, 397 U.S. 759, 771 (1970)); [K]nowingly, See Brady, 397 U.S. 743 (1970); and [I]ntelligently, (accord), See Bousley v. U.S., 532 U.S. 612 (1998); Henderson v. Morgan, 426 U.S. 637, 97 S.CT. 2253 (1976).

In conclusion, the Court should find that, failure to adhere [f]ully to the requirement(s), the Rule 11 mandates, demands that an evidentiary hearing be held  to ensure the voluntariness of Petitioner's plea. See (Exhibit A); See also <u>U.S. v. White</u>, 366 F.3d 291 (4th Cir); <u>U.S. v. Punch</u>, 709 F.2d 889 (5th Cir.) (citing <u>Henderson v. Morgan</u>, 426 U.S. 637, 96 S.Ct. 2253 (1976). The Court should conclude after its review that, any reliance on Rule 11(h). would be an [un]reasonable application in the light of well established Supreme Court precedent. See <u>McCarthy v. U.S.</u> 394 U.S. 459, 467 (1969)

PRAYER

WHEREFORE, PREMISES CONSIDERED, and the Due Process Clause and Due Course of Law Provision, under both the United States and Texas Constitution. This prayer is submitted by Petitioner, <u>Bobby Lewis Winn</u>, that a hearing be set to determine the merit of Petitioner's allegation(s); that, upon finding that the allegations are not "palpably incredible," or "patently frivolous or false." Comity and federalism would be best serve by adjudicating the claims on their merits, and disposing of the Petition as law and justice requires.

Respectfully submitted,

Bobby Lewis Winn
2661 FM 2054
Tennessee Colony, TX 75884
Petitioner Pro Se

INMATE DECLARATION

Under both  Federal (28 U.S.C. § 1746) and State law (Civil Practice and Remedies Code § 132.001 - § 132.004), offender in Texas may

20

use an unsworn declaration under penalty of perjury in place of writ-
ten declaration, verification, certificate, oath or affidavit sworn be-
fore a notary public.

   I, <u>Bobby Lweis Winn</u>, Pro Se, do hereby under penalty of perjury de-
clare that the foregoing instrument is true and correct according to
my understanding and beliefs.

   Executed on this the ___21___ day of ___November___ 2021.

                                        _Bobby Win_____
                                                Declarant


                         CERTIFICATE OF SERVICE

   I, <u>Bobby Lewis Winn</u>, pro se, being presently incarcerated at the
H.H. Coffield Unit in Anderson County, Texas do declare that [a] true
copy of the foregoing instrument , PETITION FOR FEDERAL WRIT OF HABEAS
CORPUS PURSUANT TO 28 U.S.C. § 2241(a), have been forwarded via U.S.
Mail, Postage Paid and Certified, was deposit in the prison system
mailbox on this the __21__ day of __November__ 2021, addressed
to:

               U.S. District Court
               Eastern District of Texas
               211 W. Ferguson St. Rm 106
               Tyler, Texas 75702

                         _Bobby Win_____
                         Bobby Lewis Winn

21